Debtor    Superior Energy Services,  Inc.                                    Case number (*if known*) _____
               Name

**Fill in this information to identify the case:**

Debtor Name    Superior Energy Services, Inc.

United States Bankruptcy Court for the:

Southern _____    District of    Texas _____
                                  (State)

Case number (*If known*): _____    Chapter    11 _____

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Superior Energy Services, Inc. |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names, and *doing business as* names | SPN |
| | | Superior Energy Services of Delaware, Inc. |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 7  5  –  2  3  7  9  3  8  8 |

4.    **Debtor's address**

**Principal place of business**

1001 Louisiana Street, Suite 2900

Number    Street

Houston          TX                77002
City              State            ZIP Code

Harris County

County

**Mailing address, if different from principal place of business**

_____    _____

Number    Street

_____    _____    _____
City              State            ZIP Code

**Location of principal assets, if different from principal place of business**

_____    _____

Number    Street

_____    _____    _____
City              State            ZIP Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://www.superiorenergy.com/ |

6.    **Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

| Debtor | Superior Energy Services,  Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

| 7. | **Describe debtor's business** | A. *Check one:* |
|---|---|---|

    ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

    ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

    ☐ Railroad (as defined in 11 U.S.C. § 101(44))

    ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

    ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

    ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

    ☒ None of the above

B. *Check all that apply:*

    ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

    ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

    ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See https://www.uscourts.gov/four-digit-national-association-naics-codes

    2 1 3 1

| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
|---|---|---|

    ☐ Chapter 7

    ☐ Chapter 9

    ☒ Chapter 11. *Check all that apply:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

      ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

      ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

      ☒ A plan is being filed with this petition.

      ☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

      ☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

      ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

    ☐ Chapter 12

US-DOCS\117349616.11

| Debtor | Superior Energy Services, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes

| District | _____ | When | _____ | Case Number | _____ |
|---|---|---|---|---|---|
| | | | MM / DD / YYYY | | |
| District | _____ | When | _____ | Case Number | _____ |
| | | | MM / DD / YYYY | | |

---

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes

| Debtor | See attached Schedule 1 | Relationship | See Attached Schedule 1 |
|---|---|---|---|
| District | Southern District of Texas | When | Contemporaneously |
| | | | MM / DD / YYYY |
| Case number, if known | _____ | | |

---

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____

| Number | Street |
|---|---|

_____

| City | State | ZIP Code |
|---|---|---|

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

US-DOCS\117349616.11

| Debtor | Superior Energy Services, Inc. | | Case number (*if known*) | |
|---|---|---|---|---|
| | Name | | | |

---

| | **Statistical and administrative information** |
|---|---|

| 13. | **Debtor's estimation of available funds** | *Check one:* |
|---|---|---|

&#9746; Funds will be available for distribution to unsecured creditors.

&#9744; After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

| 14. | **Estimated number of creditors** | &#9744; 1-49 | &#9744; 1,000-5,000 | &#9744; 25,001-50,000 |
|---|---|---|---|---|
| | | &#9744; 50-99 | &#9744; 5,001-10,000 | &#9744; 50,001-100,000 |
| | (on a consolidated basis) | &#9744; 100-199 | &#9746; 10,001-25,000 | &#9744; More than 100,000 |
| | | &#9744; 200-999 | | |

---

| 15. | **Estimated assets** | &#9744; $0-$50,000 | &#9744; $1,000,001-$10 million | &#9744; $500,000,001-$1 billion |
|---|---|---|---|---|
| | | &#9744; $50,001-$100,000 | &#9744; $10,000,001-$50 million | &#9746; $1,000,000,001-$10 billion |
| | (on a consolidated basis) | &#9744; $100,001-$500,000 | &#9744; $50,000,001-$100 million | &#9744; $10,000,000,001-$50 billion |
| | | &#9744; $500,001-$1 million | &#9744; $100,000,001-$500 million | &#9744; More than $50 billion |

---

| 16. | **Estimated liabilities** | &#9744; $0-$50,000 | &#9744; $1,000,001-$10 million | &#9744; $500,000,001-$1 billion |
|---|---|---|---|---|
| | | &#9744; $50,001-$100,000 | &#9744; $10,000,001-$50 million | &#9746; $1,000,000,001-$10 billion |
| | (on a consolidated basis) | &#9744; $100,001-$500,000 | &#9744; $50,000,001-$100 million | &#9744; $10,000,000,001-$50 billion |
| | | &#9744; $500,001-$1 million | &#9744; $100,000,001-$500 million | &#9744; More than $50 billion |

---

| | **Request for Relief, Declaration, and Signatures** |
|---|---|

WARNING – Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. | **Declaration and signature of authorized representative of debtor** | &#9746; The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|---|

&#9746; I have been authorized to file this petition on behalf of the debtor.

&#9746; I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    12/07/2020
                 MM / DD / YYYY

&#10005;    /s/ Westervelt ("Westy") T. Ballard, Jr.        Westervelt ("Westy") T. Ballard, Jr.

      Signature of authorized representative of debtor    Printed name

      Title    Authorized Signatory

| Debtor | Superior Energy Services, Inc. | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

18. **Signature of attorney**    ✖    /s/ Timothy A. ("Tad") Davidson II    Date  12/07/2020

Signature of authorized representative of debtor    MM/ DD / YYYY

Timothy A. ("Tad") Davidson II

Printed name

Hunton Andrews Kurth LLP

Firm name

600 Travis Street, Suite 4200

Number    Street

| Houston | Texas | 77002 |
|---|---|---|
| City | State | ZIP Code |
| 713-220-4200 | Taddavidson@huntonak.com | |
| Contact phone | Email address | |
| 24012503 | Texas | |
| Bar number | State | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| -------------------------------------------------------- | x | |
| In re: | : | Chapter 11 |
| | : | |
| SUPERIOR ENERGY SERVICES, INC., et al,[1] | : | Case No. 20-_____ (____) |
| | : | |
| Debtors | : | |
| | : | |
| -------------------------------------------------------- | x | |

**Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy Under
Chapter 11**

1.    If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is  001-34037

2.    The following financial data is the latest available information

|   |   |   |
|---|---|---|
| a. | Total assets | $884,723.20 |
| b. | Total debts (including debts listed in 2.c below) | $1,383,151,024.86 |
| c. | Debt securities held by more than 500 holders | N/A |

Approximate number of holders:

| secured ☐ | unsecured ☒ | subordinated ☐ | $_____ | see comment |
|---|---|---|---|---|
| secured ☐ | unsecured ☒ | subordinated ☐ | $_____ | see comment |
| secured ☐ | unsecured ☒ | subordinated ☐ | $_____ | see comment |
| secured ☐ | unsecured ☒ | subordinated ☐ | $_____ | see comment |
| secured ☐ | unsecured ☒ | subordinated ☐ | $_____ | see comment |

d.    Number of shares of preferred stock issued — Authorized – 5,000,000 shares; none issued

e.    Number of shares of common stock — Authorized – 25,000,000; Issued – 15,799,039; Outstanding – 14,826,627 as of 06/30/2020

---

[1]   The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Superior Energy Services, Inc. (9388), SESI, L.L.C. (4124), Superior Energy Services-North America Services, Inc. (5131), Complete Energy Services, Inc. (9295), Warrior Energy Services Corporation (9424), SPN Well Services, Inc. (2682), Pumpco Energy Services, Inc. (7310), 1105 Peters Road, L.L.C. (4198), Connection Technology, L.L.C. (4128), CSI Technologies, LLC (6936), H.B. Rentals, L.C. (7291), International Snubbing Services, L.L.C. (4134), Stabil Drill Specialties, L.L.C. (4138), Superior Energy Services, L.L.C. (4196), Superior Inspection Services, L.L.C. (4991),  Wild Well Control, Inc. (3477), Workstrings International, L.L.C. (0390). The Debtors' address is 1001 Louisiana Street, Suite 2900, Houston, Texas 77002.

Comments, if any: <u>Superior Energy Services, Inc. does not and cannot know the precise number of beneficial holders of any of the debt securities it has issued and does not believe that any such securities are held by more than 500 holders.</u>

3.  Brief description of debtor's business:     The debtor provides specialized oilfield services and equipment to the energy industry.

4.  List of the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:

    a.     LJH, Ltd - 15.21%

    b.   Monarch Alternative Capital LP - 7.74%

    c.   Warlander Asset Management, LP - 7.49%

    d.   Aristeia Capital, L.L.C. - 6.50%

    e.   Madison Avenue Partners, LP - 5.40%

**Fill in this information to identify the case:**

Debtor Name    Superior Energy Services, Inc.

United States Bankruptcy Court for the:

Southern _____ District of    Texas _____

(State)

Case number (*If known*): _____    Chapter    11 _____

☐ Check if this is an amended filing

## <u>Schedule 1</u>

### <u>Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor</u>

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case, collectively, the "**<u>Debtors</u>**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas. The Debtors have filed a motion requesting that the chapter 11 cases of these entities be consolidated for procedural purposes only and jointly administered under the number assigned to the chapter 11 case of Superior Energy Services, Inc.

| |
|---|
| Superior Energy Services, Inc. |
| SESI, LLC. |
| Superior Energy Services-North America Services, Inc. |
| Complete Energy Services, Inc. |
| Warrior Energy Services Corporation |
| SPN Well Services, Inc. |
| Pumpco Energy Services, Inc. |
| 1105 Peters Road, LLC. |
| Connection Technology, L.L.C. |
| CSI Technologies, LLC |
| H.B. Rentals L.C. |
| International Snubbing Services, L.L.C. |
| Stabil Drill Specialties, L.L.C. |
| Superior Energy Services, L.L.C. |
| Superior Inspection Services, L.L.C. |
| Wild Well Control, Inc. |
| Workstrings International, L.L.C. |



SUPERIOR ENERGY SERVICES, INC.

SECRETARY'S CERTIFICATE

I, William B. Masters, the duly authorized Executive Vice President, General Counsel, and Secretary of Superior Energy Services, Inc., a Delaware Corporation (the "**Company**"), presently serving in such capacity, hereby certify that on December 3, 2020 all of the members of the Company's board of directors (the "**Board of Directors**"), and collectively with SESI, L.L.C. ("**SESI**"), Superior Energy Services-North America, Inc., Complete Energy Services, Inc., Warrior Energy Services Corporation, SPN Well Services, Inc., Pumpco Energy Services, Inc., 1105 Peters Road, L.L.C., Connection Technology, L.L.C., CSI Technologies, LLC, H.B. Rentals, L.C., International Snubbing Services, L.L.C., Stabil Drill Specialties, L.L.C., Superior Energy Services, L.L.C., Superior Inspection Services, L.L.C., Wild Well Control, Inc. and Workstrings International, L.L.C., the "**Companies**"), hereby consented in writing, pursuant to the provisions of applicable law, based on the advice of the Company's professionals and advisors, and after thorough discussions, took the following actions and adopted the following resolutions by Unanimous Written Consent:

**Filing of Chapter 11 Cases**

**WHEREAS**, the Company intends to implement a restructuring, which shall include all of the Companies, in order to preserve the value of the Company's business and for all stakeholders (the "**Restructuring**");

**WHEREAS**, the Company proposes to enter into that certain Amended and Restated Restructuring Support Agreement (together with all exhibits thereto, and as amended, restated, amended and restated, supplemented and/or otherwise modified from time to time, the "**RSA**"), which will amend and restate the original restructuring support agreement entered into on September 29, 2020, regarding certain material terms of the Restructuring with certain holders of SESI's (i) $800,000,000 7.125% senior unsecured notes due 2021 (the "**2021 Notes**") and (ii) $500,000,000 7.750% senior unsecured notes due 2024 (the "**2024 Notes**"), of which the Company and each of the Companies other than SESI are a guarantor;

**WHEREAS**, the Board of Directors has been provided a copy of the RSA, along with the exhibits thereto, including the plan or reorganization attached as Exhibit A to the RSA;

**WHEREAS**, the RSA contemplates that, upon the terms and subject to the conditions set forth therein, the Consenting Noteholders (as defined in the RSA) shall support and pursue, together with the Companies, a joint prepackaged chapter 11 plan of reorganization to be filed in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "**Bankruptcy Court**"), involving, among other things:  (i) the full repayment of the amounts outstanding under the existing fifth amended and restated credit agreement, dated as of October 20, 2017, by and among SESI, as borrower, the Company, the lenders party thereto and JPMorgan

Chase Bank, N.A as administrative agent; (ii) the conversion of the 2021 Notes and 2024 Notes, to the extent holders of such notes affirmatively opt out of the cash-out option provided for in the Companies' chapter 11 plan of reorganization, into 100% of the equity of the Company, as reorganized pursuant to the terms of the Company's chapter 11 plan of reorganization, and the offering of subscription rights to an equity rights offering (with a cash-out option) to certain holders of 2021 Notes and 2024 Notes; and (iii) access to new capital in the form of an exit facility in the aggregate principal amount of up to $170 million;

**WHEREAS**, the Board of Directors have been advised by the Company's management and advisors of the proposed terms and conditions of the RSA; and

**WHEREAS**, the Board has received, reviewed, and discussed the recommendations of senior management of the Company and the Company's legal, financial, and other advisors as to the relative risks and benefits of the strategic alternatives available to the Company, including pursuing a reorganization through a bankruptcy case (the "**Chapter 11 Case**") under the provisions of Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"), and has discussed the key "first day" and "second day" pleadings that would be proposed to be filed in connection with the Chapter 11 Cases (as defined below) (the "**Chapter 11 Filings**").

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, stockholders and other interested parties, that the Company seek relief under the provisions of Chapter 11, Title 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that the Company is hereby authorized, and each "**Authorized Person**" (as defined below) shall be, and hereby is, authorized and directed, on behalf of the Company, to commence a Chapter 11 Case by executing, verifying and delivering a voluntary petition in the name of the Company under Chapter 11 of the Bankruptcy Code and causing the same to be filed, along with the Chapter 11 Filings, with the Bankruptcy Court in such form and at such time as the Authorized Person executing said petition shall determine; and it is further

**RESOLVED**, that the Company is hereby authorized, and each Authorized Person shall be, and hereby is, authorized and directed, on behalf of the Company, to seek to have its Chapter 11 Case jointly administered by the Bankruptcy Court with the separate cases commenced by the other Companies under Chapter 11 of the Bankruptcy Code (the respective Chapter 11 Case together with such other separate cases, the "**Chapter 11 Cases**"); and it is further

**RESOLVED**, that the entry into by the Company of the RSA for the purposes of securing the necessary support amongst the Company's creditors for the Chapter 11 Cases be, and hereby is, in all respects, approved, ratified and confirmed; and it is further

**RESOLVED**, that the Company is hereby authorized, and each Authorized Person shall be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to negotiate, effect, execute, deliver and perform any amendments, modifications, replacements, releases or other alterations of whatever form or nature to any of the existing documentation governing the Company's indebtedness existing as of the date of these resolutions, including, without limitation, any credit agreements, guaranties, security documents or indentures, as such Authorized Person may, in their sole discretion, deem necessary or appropriate in connection with the Chapter 11 Cases; and it is further

**RESOLVED**, that the Company is hereby authorized, and each Authorized Person shall be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to the extent applicable, to obtain the use of cash collateral, in such amounts and on such terms as may be agreed by any Authorized Person in their sole discretion, including the grant of replacement liens or other adequate protection, as is reasonably necessary or appropriate for the continuing conduct of the affairs of the Company; and it is further

**RESOLVED**, that the Company is hereby authorized, and each Authorized Person shall be, and hereby is, authorized, on behalf of and in the name of the Company, to enter into such forbearance agreements, waivers, amendments or modifications, or other supplements relating to the Company's existing indebtedness as may be deemed necessary or appropriate by such Authorized Person; and it is further

**RESOLVED**, that the Company is hereby authorized, and each Authorized Person shall be, and hereby is, authorized, on behalf of and in the name of the Company, to the extent applicable, to enter into and seek authority from the Bankruptcy Court to enter into and/or assume any other restructuring support or similar agreements in connection with the Chapter 11 Cases and to enter into, and/or seek approval of, any agreements, documents or instruments related thereto; and it is further

**RESOLVED**, that the Company is authorized, and each Authorized Person shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in the name of the Company, to execute (under the common seal of the Company, if appropriate), verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time, all necessary or appropriate documents with (i) the Securities and Exchange Commission; (ii) the Bankruptcy Court; and (iii) any other court or regulatory body, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, the Chapter 11 Filings, pleadings and other documents, agreements and papers, including all loan agreements, documents, notes, guaranties, security agreements, pledge agreements and all other documents, agreements or instruments and to take any and all actions that the Authorized Person deems necessary or appropriate, each in connection with the Chapter 11 Cases, any post-petition financing or any cash collateral usage contemplated hereby or thereby; and it is further

**RESOLVED**, that the Company is hereby authorized, and each Authorized Person shall be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to employ and retain: (i) the law firms of Latham & Watkins LLP and Hunton Andrews Kurth LLP as attorneys in connection with the Chapter 11 Cases and to take any and all actions to advance the Company's rights, including the preparation of pleadings and filings in the Chapter 11 Cases; (ii) Ducera Partners LLC and Johnson Rice & Company L.L.C. to act as investment bankers and financial advisors in connection with the Chapter 11 Cases; (iii) the firm of Kurtzman Carson Consultants LLC to act as notice, claims and balloting agent and to provide other related services to the Company in the Chapter 11 Cases; (iv) the firm of Alvarez & Marsal North America, LLC to provide restructuring advice and other related services to the Company in the Chapter 11 Cases; and (v) the firm of Ernst & Young LLP to provide tax advice and related services to the Company in the Chapter 11 Cases, and any such acts previously taken by the Authorized Persons consistent with this resolution shall be, and hereby are, in all respects, approved, ratified and confirmed; and it is further

**RESOLVED**, that the Company is hereby authorized, and each Authorized Person shall be, and hereby is, authorized and empowered, on behalf of and in the name of the Company, to employ and retain such further legal, restructuring, financial, accounting and bankruptcy services firms (together with the foregoing identified firms, the "**Professionals**") as may be deemed necessary or appropriate by such Authorized Person to assist the Company in carrying out its responsibilities in the Chapter 11 Cases and achieving a successful reorganization; and it is further

**Approval of DIP Credit Facility**

**WHEREAS**, the Company is the sole member of SESI, a Delaware limited liability company (the "**Borrower**");

**WHEREAS**, it is proposed that the Company enter into a Senior Secured Debtor-in-Possession Credit Agreement and with such final terms and in such final form to be negotiated and approved by the Authorized Persons or their delegees (as amended, restated, amended and restated, supplemented and/or otherwise modified from time to time, the "**DIP Credit Agreement**"), by and among the Company, as parent, the Borrower, as borrower, the financial institutions and other parties from time to time party thereto as lenders (the "**DIP Lenders**") and JPMorgan Chase Bank, N.A., as administrative agent (in such capacity, the "**DIP Agent**");

**WHEREAS**, it is proposed that the Company enter into the Loan Documents (as defined in the DIP Credit Agreement), instruments, certificates, agreements and other documents necessary, desirable, convenient, appropriate, advisable or otherwise requested by the DIP Agent to satisfy the covenants, conditions precedent and any conditions subsequent for the extension of credit under the DIP Credit Agreement, or in connection with the performance of its obligations under the DIP Credit Agreement, and the other Loan Documents deemed necessary or proper by the DIP Agent or required by any of the Loan Documents and affidavits, agreements, certificates, documents, instruments, notices, recordings or filings relating to any of the foregoing, in each case with such terms and in such forms as negotiated and approved by the Authorized Persons or their delegees (together with the DIP Credit Agreement and the other Loan Documents, collectively, the "**DIP Credit Documents**");

**WHEREAS**, in connection with the execution, delivery and performance by the Company of the DIP Credit Documents to which it is a party, the Company may be required, or may deem it necessary or appropriate, to take such other actions, including, without limitation, the payment of fees, costs and expenses, the giving of notices, the designation of persons authorized to act, and other actions as may be necessary or appropriate to perform under any DIP Credit Document to which it is a party (collectively, the "**Related Actions**");

**WHEREAS**, the Board of Directors has determined that the Company's entry into the DIP Credit Documents to which it is a party, including, if applicable, the Company's guarantee of obligations of the Borrower and others, as applicable, in the DIP Order and taking of the Related Actions (i) is necessary or convenient to the conduct, promotion or attainment of the Company's business and (ii) may reasonably be expected to benefit the Company, directly or indirectly; and

**WHEREAS**, the Board of Directors of the Company has determined that the execution, delivery and performance of each DIP Credit Document and taking of the applicable Related Actions will benefit the Company and is in the best interest of the Company, including the granting of a lien on and/or security interest in substantially all of its assets to secure the obligations under

the DIP Credit Documents and to enter into and to perform its obligations under each DIP Credit Document.

**FURTHER RESOLVED**, that the Board of Directors hereby determines that the negotiation and approval of the terms and forms of the DIP Credit Agreement and the other DIP Credit Documents by the Authorized Persons and their delegees, approval of the transactions contemplated by the DIP Credit Documents and the execution, delivery and performance by the Company of the DIP Credit Documents on the terms and conditions as substantially described or provided to the Board of Directors will benefit the Company and is in the best interest of the Company; and it is further

**RESOLVED**, that the Company is hereby authorized, and each Authorized Person shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in the name of the Company, to negotiate and approve the terms and form of any adequate protection to creditors and to secure the payment and performance of any post-petition financing, including financing incurred through the DIP Credit Agreement, and to effectuate the forgoing by (i) paying or approving the payment of all amounts payable in connection with any adequate protection arrangement, (ii) pledging or granting liens and mortgages on, or security interest in, all or any portion of the Company's assets, including all or any portion of the issued and outstanding capital stock, partnership interests, or membership interests of any subsidiaries of the Company, whether now owned or hereafter acquired, and (iii) entering into or causing to be entered into such security agreements, pledge agreements, control agreements, intercreditor agreements, mortgages, deeds of trust and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, these resolutions in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the Authorized Person executing the same, the execution thereof by such Authorized Person to be conclusive evidence of such approval or determination; and it is further

**RESOLVED**, that the Company is hereby authorized, and each Authorized Person shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in the name of the Company, to execute, verify and/or file, or cause to be filed and/or executed or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time any of the DIP Credit Documents to which it is a party, and to take any and all actions that the Authorized Person deems necessary or appropriate, each in connection with the Chapter 11 Cases and/or any post-petition financing or any cash collateral usage contemplated hereby or thereby; and it is further

**RESOLVED**, that each Authorized Person is hereby authorized, directed and empowered to do or cause to be done all such acts or things and to execute and deliver, or cause to be executed and delivered, under seal or otherwise, all such DIP Credit Documents or other affidavits, agreements, certificates, documents, instruments, notices, recordings and filings (including, without limitation, any and all certificates and notices required or permitted to be given or made under the terms, conditions or provisions of any of the agreements, documents or instruments executed therewith), in the name and on behalf of the Company on behalf of each of the Company's direct or indirect subsidiaries, as any such Authorized Officer, in his or her discretion, may deem necessary, proper or advisable to effectuate or carry out the purposes and intent of the foregoing resolutions and to perform the obligations of such subsidiary under all affidavits, agreements, certificates, documents, instruments, recordings and filings executed or delivered on behalf of such

subsidiary in connection with the DIP Credit Documents to which such subsidiary is a party; and it is further

**RESOLVED**, that the Company is hereby authorized to grant a lien on, security interest in, and/or pledge any and all of its properties and assets to secure its obligations (including any obligations guaranteed by it under the DIP Order or any other DIP Credit Document) and to use and obtain the benefits of the cash collateral under the DIP Credit Documents and to enter into and to perform its obligations under each DIP Credit Document and that the grant of liens, security interests and pledges by the Company as contemplated in the DIP Credit Documents, and the grant of any additional liens, security interests or pledges pursuant to any additional security agreements or pledge agreements that may be required under the DIP Credit Documents, and the execution of documents, agreements and instruments in connection therewith, and the filing of financing statements to perfect or otherwise evidence such liens, security interests or pledges, are in each case hereby authorized, approved, and adopted, as applicable; and it is further

**RESOLVED**, that the Company, each Authorized Person and any of their designees is hereby authorized to take any of the Related Actions.

**General**

**FURTHER RESOLVED**, that each Authorized Person shall be, and hereby is, authorized, with full power of delegation, in the name and on behalf of the Company, to take or cause to be taken any and all such further action and to execute and deliver or cause to be executed or delivered, and to amend, supplement or otherwise modify from time to time, all such further agreements, documents, certificates, statements, notices, undertakings and other writings, and to incur and to pay or direct payment of all such fees and expenses, as in the judgment of the Authorized Person shall be necessary, appropriate or advisable to effectuate the purpose and intent of any and all of the foregoing resolutions; and it is further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by any officer of the Company or any of the Professionals in connection with the Chapter 11 Cases or any proceedings related thereto, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is further

**RESOLVED**, that any and all actions, whether previously or subsequently taken by any Authorized Person or any other person authorized to act by an Authorized Person, that are consistent with the intent and purpose of the foregoing resolutions or in connection with any matters referred to herein, shall be, and the same hereby are, in all respects, ratified, approved and confirmed; and it is further

**RESOLVED**, that for the purposes of these resolutions, the term "**Authorized Person**" shall mean and include each of the President and Chief Executive Officer, the Chief Financial Officer, the Chief Accounting Officer, and the General Counsel; and it is further

**RESOLVED**, that to the extent of any inconsistency between the terms of this Unanimous Written Consent and the Amended and Restated Bylaws of the Company (the "**ByLaws**"), the terms of this Unanimous Written Consent shall control and the ByLaws shall be amended hereby; and it is further

**RESOLVED**, that this Unanimous Written Consent shall be governed by the laws of the State of Delaware (without regard to conflict of laws principles).

IN WITNESS WHEREOF, I have signed this Certificate effective for all lawful purposes as of this 4th day of December, 2020.

_____
William B. Masters
Executive Vice President, General Counsel,
and Secretary

NOTARY PUBLIC

On this 4th day of December, 2020, before me, the undersigned Notary Public in and for the State of Texas, United States of America, personally appeared William B. Masters, known by me as the duly authorized Executive Vice President, General Counsel, and Secretary of Superior Energy Services, Inc., and in my presence signed the foregoing Certificate in the name of and on behalf of said Company.

Given my signature and seal of office, this 4th day of December, 2020.

_____
Notary Public

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

```
-------------------------------------------------------- x
In re:                                        :    Chapter 11
                                              :
SUPERIOR ENERGY SERVICES, INC., et al., ² :   Case No. 20-_____ (_____)
                                              :
                Debtors.                      :    (Joint Administration Requested)
                                              :
-------------------------------------------------------- x
```

**CONSOLIDATED LIST OF CREDITORS HOLDING THE
THIRTY LARGEST UNSECURED CLAIMS**

Superior Energy Services, Inc. and the entities listed in Schedule 1 to this petition (together, the "**Debtors**") each filed a petition in this Court on the date hereof for relief under chapter 11 of title 11 of the United States Code. Contemporaneously with the filing of their petitions, the Debtors filed a motion requesting, among other things, authority to file a consolidated list of creditors holding the thirty largest unsecured claims (the "**Largest Unsecured Creditors List**").

The Largest Unsecured Creditors List is based on the Debtors' books and records as of December 4, 2020, and was prepared in accordance with rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Largest Unsecured Creditors List does not include persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31).

The information contained in the Largest Unsecured Creditors List shall not constitute an admission by, nor shall it be binding on, the Debtors. Moreover, nothing herein shall affect the Debtors' rights to challenge the amount or characterization of any claim at a later date.

---

[2]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Superior Energy Services, Inc. (9388), SESI, L.L.C. (4124), Superior Energy Services-North America Services, Inc. (5131), Complete Energy Services, Inc. (9295), Warrior Energy Services Corporation (9424), SPN Well Services, Inc. (2682), Pumpco Energy Services, Inc. (7310), 1105 Peters Road, L.L.C. (4198), Connection Technology, L.L.C. (4128), CSI Technologies, LLC (6936), H.B. Rentals, L.C. (7291), International Snubbing Services, L.L.C. (4134), Stabil Drill Specialties, L.L.C. (4138), Superior Energy Services, L.L.C. (4196), Superior Inspection Services, L.L.C. (4991),  Wild Well Control, Inc. (3477), Workstrings International, L.L.C. (0390). The Debtors' address is 1001 Louisiana Street, Suite 2900, Houston, Texas 77002.

US-DOCS\117349616.11

The failure to list a claim as contingent, unliquidated, or disputed does not constitute a waiver of the Debtors' rights to contest the validity priority and/or amount of such a claim.

US-DOCS\117349616.11

Fill in this information to identify the case:

Debtor Name     Superior Energy Services, Inc.

United States Bankruptcy Court for the:

Southern _____     District of     Texas _____

                                             (State)

Case number (*If known*): _____     Chapter     11 _____

☐ Check if this is an
amended filing

## Official Form 204
# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders     12/15

A list of creditors holding the thirty (30) largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the thirty (30) largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 The Bank of New York Mellon Trust Company, N.A. ATTN: Lisa McCants 10161 Centurion Parkway Jacksonville, FL 32256 | Lisa McCants EMAIL - Lisa.McCants@bnymellon.com PHONE - (713) 483-6752 FAX - (904) 645-1921 | Unsecured Notes | | | | $827,075,000 |
| 2 The Bank of New York Mellon Trust Company, N.A. ATTN: Lisa McCants 10161 Centurion Parkway Jacksonville, FL 32256 | Lisa McCants EMAIL - Lisa.McCants@bnymellon.com PHONE - (713) 483-6752 FAX - (904) 645-1921 | Unsecured Notes | | | | $508,718,750 |
| 3 Internal Revenue Service ATTN: Centralized Insolvency Operation 2970 Market Street Philadelphia, PA 19104 | Centralized Insolvency Operation EMAIL - PHONE - (215) 222-8200 FAX - (855) 235-6787 | CARES Act - Payroll Tax Deferral | | | | $5,788,014 |
| 4 Trendsetter Engineering Inc ATTN: Ron Downing President 10430 Rodgers Road Houston, TX 77070 | Ron Downing EMAIL - r.downing@trendsetterengineering.com PHONE - (281) 465-8858 FAX - | Trade Payable | | | | $1,323,000 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5  B&L Pipeco Services Inc ATTN: Matt Paulsen Controller 20465 SH 249 Suite 200 Houston, TX  77070 | Matt Paulsen EMAIL - mpaulsen@ccpipellc.com PHONE - (713) 468-6555 FAX - | Trade Payable | | | | $924,735 |
| 6  Delmar Systems Inc ATTN: Ken Babin Chief Information Officer 8114 W. Hwy. 90 Broussard, LA  70518 | Ken Babin EMAIL - kennysky04@yahoo.com PHONE - (225) 776-4333 FAX - | Trade Payable | | | | $474,500 |
| 7  Enterprise Fleet Management ATTN: Brice Adamson Executive Vice President 29 Hunter Ave St. Louis, MO  63124 | Brice Adamson EMAIL - brice.adamson@efleets.com PHONE - (314) 889-8400 FAX - | Trade Payable | | | | $440,711 |
| 8  Enterprise FM Trust ATTN: Keith Gurule Finance Director 811 Main Street Kansas City, MO  64105 | Keith Gurule EMAIL - Keith.E.Gurule@efleets.com PHONE - (713) 300-7450 FAX - | Trade Payable | | | | $180,555 |
| 9  Lafayette Steel Erector IncATTN: April Thompson313 Westgate RoadLafayette, LA  70506 | April ThompsonEMAIL - aprilt@lsecrane.comPHONE - (337) 234-9435FAX - (337) 234-0217 | Trade Payable | | | | $155,530 |
| 10  Becnel Rental Tools LLC ATTN: Jason Becnel Operations Director 1809 Industrial Blvd Harvey, LA  70058 | Jason Becnel EMAIL -  jason@becnelrt.com PHONE - (504) 341-4610 FAX - (504) 341-4610 | Trade Payable | | | | $128,811 |
| 11  Connector Specialists Inc ATTN: Alex Wheelock CEO 11050 W Little York Rd, Building N Houston, TX  77041 | Alex Wheelock EMAIL - alex.wheelock@connectorspecialists.com PHONE - (504) 469-1659 FAX - (337) 237-3756 | Trade Payable | | | | $108,868 |
| 12  FMC Technologies Inc ATTN: Douglas J. Pferdehirt Chief Executive Officer 11740 Katy Fwy Houston, TX  77079 | Douglas J. Pferdehirt EMAIL - dpferdehirt@technipfmc.com PHONE - (281) 591 4000 FAX - | Trade Payable | | | | $106,489 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 | Timbercreek Real Estate Partners LLC ATTN: Christoper C. Ortowski Manager 175 County Road 131 Gainesville, TX  76240 | Christoper C. Ortowski EMAIL - PHONE - (940) 665-2316 FAX - | Trade Payable | | | | $96,872 |
| 14 | Control Flow Inc ATTN: Bill Laird President 9201 Fairbanks N. Houston Road Houston, TX  77064 | Bill Laird EMAIL - blaird@controlflow.com PHONE - (281) 890-8300 FAX - (281) 890-3947 | Trade Payable | | | | $76,380 |
| 15 | National Oilwell Varco Tuboscope ATTN: Jack Dyer Vice President, US Operations 7909 Parkwood Circle Dr. Houston, TX  77036 | Jack Dyer EMAIL - jack.dyer@nov.com PHONE - (936) 273-3998 FAX - | Trade Payable | | | | $73,627 |
| 16 | Practical Engineering Solutions LLC 124 Heymann Blvd, Suite 201 Lafayette, LA  70503 | EMAIL - PHONE - (337) 408-3242 FAX - | Trade Payable | | | | $71,875 |
| 17 | Bricco Metal Finishing LLCATTN: Rick BridgesCEO17667 Telge RoadCypress, TX  77429 | Rick BridgesEMAIL - rick@briccomf.comPHONE - (832) 534-1190FAX - | Trade Payable | | | | $69,353 |
| 18 | CAD Control Systems ATTN: Reggie Welty President and Chief Executive Officer 1017 Freeman Road Broussard, LA  70518 | Reggie Welty EMAIL - rwelty@cadoil.com PHONE - (337) 369-3737 FAX - (337) 369-3724 | Trade Payable | | | | $68,496 |
| 19 | BS & G Rentals LLC ATTN: Jason Bellard 1100 Smede Hwy Broussard, LA  70518-8033 | Jason Bellard EMAIL - bellard@petropull.org PHONE - (337) 365-5001 FAX - | Trade Payable | | | | $57,696 |
| 20 | Strategy Oilfield Services Inc ATTN: Accounting 204 North Walnut Street Meunster, TX  76252 | Accounting EMAIL - jessica@ntin.net PHONE - (940) 759-4001 FAX - | Trade Payable | | | | $57,500 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | Wells Fargo Bank NA ATTN: General Counsel 420 Montgomery Street San Francisco, CA  94104 | General Counsel EMAIL - PHONE - 1-(800) 869-3557 FAX - | Trade Payable | | | | $50,357 |
| 22 | Alpha Rental Tools Inc ATTN: Dwayne Boudoin President and Owner 4836 Highway 182 Houma, LA  70364 | Dwayne Boudoin EMAIL - dboudoin@alpharentaltools.com PHONE - (985) 879-4053 FAX - | Trade Payable | | | | $49,412 |
| 23 | Dupre Machine ATTN: Jake Dupre Owner 143 Decal St Lafayette, LA 70508-3350 | Jake Dupre EMAIL - jake@dupremachine.com PHONE - (337) 232-5948 FAX - | Trade Payable | | | | $49,168 |
| 24 | Downhole Solutions Inc ATTN: Burt Pereira President 81697 Hwy 41 Bush, LA  70431 | Burt Pereira EMAIL - burt.pereira@gmail.com PHONE - (985) 774-1409 FAX - | Trade Payable | | | | $48,484 |
| 25 | Trinity Rental Services LLCATTN: John PrudhommeOwner1419 Hugh Wallis Road SouthLafayette, LA 70508 | John PrudhommeEMAIL - PHONE - (337) 886-6631FAX - | Trade Payable | | | | $41,405 |
| 26 | Maverick Energy Solutions LLC ATTN: Ron Chiasson Chief Executive Officer 247 Brighton Loop Houma, LA  70360 | Ron Chiasson EMAIL - ron.chiasson@maverickenergyslt.com PHONE - (985) 664-1776 / (985) 855-5939 FAX - | Trade Payable | | | | $39,185 |
| 27 | Wide Range Logistics LLC ATTN: David Breaux 304 Hacker St. New Iberia, LA  70562 | EMAIL - widerangelogistics1@gmail.com PHONE - (337) 519-9697 FAX - (337) 446-3124 | Trade Payable | | | | $34,100 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28 Pason Systems USA Corporation ATTN: Russel Smith Vice President International 7701 West Little York, Suite 800 Houston, TX  77040 | Russel Smith EMAIL - russell.smith@pason.com PHONE - (979) 320-7685 FAX - | Trade Payable | | | | $33,826 |
| 29 North American Metals Inc ATTN: Rod McMahon President 20001 Oil Center Blvd Houston, TX  77073 | Rod McMahon EMAIL - rmcmahon@northamericanmetals.net PHONE - (281) 443-4451 FAX - | Trade Payable | | | | $33,416 |
| 30 CHS Inc ATTN: Courtney Heard Accounts Receivable 5500 Cenex Drive Inver Grove Heights, Minnesota  55077 | Courtney Heard EMAIL - courtney.heard@chsinc.com PHONE - (605) 373-2597 FAX - | Trade Payable | | | | $33,346 |

Fill in this information to identify the case:

Debtor Name    Superior Energy Services, Inc.

United States Bankruptcy Court for the:

Southern      District of    Texas

                                      (State)

Case number (*If known*): _____    Chapter    11

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐   *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*
- ☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐   *Schedule H: Codebtors (Official Form 206H)*
- ☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐   *Amended Schedule _____*
- ☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☐   *Other document that requires a declaration_____*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   __12/07/2020__           ✗ /s/ Westervelt ("Westy") T. Ballard, Jr.
           MM / DD / YYYY             Signature of individual signing on behalf of debtor

                                         Westervelt ("Westy") T. Ballard, Jr.
                                         Printed name

                                         Authorized Signatory
                                         Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

```
-------------------------------------------------------- x
In re:                                            :   Chapter 11
                                                  :
SUPERIOR ENERGY SERVICES, INC.                    :   Case No. 20-_____ (_____)
                                                  :
              Debtor.                             :
                                                  :
-------------------------------------------------------- x
```

## <u>LIST OF EQUITY HOLDERS[3]</u>

Pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure, the following is a list equity security holders:

| Equity Holders | Address Of Equity Holder | Percentage of Equity Held (%) |
|---|---|---|
| LJH, LTD. | 377 Neva Lane, Denison, TX 75020 | 15.21% |
| MONARCH ALTERNATIVE CAPITAL LP | 535 Madison Avenue, New York, NY 10022 | 7.74% |
| WARLANDER ASSET MANAGEMENT, LP | 250 West 55th Street 33rd Floor, New York, NY 10019 | 7.49% |
| ARISTEIA CAPITAL, L.L.C. | One Greenwich Plaza, 3rd Floor, Greenwich, CT 06830 | 6.50% |
| MADISON AVENUE PARTNERS, LP | 150 East 58th Street, 14th Floor, New York, NY 10155 | 5.40% |

---

[3]   This list reflects holders of five percent or more of Superior Energy Services, Inc.'s common stock.  This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  By the Debtors' <u>Emergency</u> Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated Creditor Matrix and List of the 30 Largest Unsecured Creditors, (II) Waiving the Requirement to File a List of Equity Security Holders, and (III) Authorizing the Debtors to Redact Certain Personal Identification Information filed contemporaneously herewith, the Debtor is requesting a waiver of the requirement under Bankruptcy Rule 1007 to file a list of all of its equity security holders.

**Fill in this information to identify the case**

Debtor Name    Superior Energy Services, Inc.

United States Bankruptcy Court for the:

Southern          District of   Texas

                                 (State)

Case number (*If known*):                  Chapter    11

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐      *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐      *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐      *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐      *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐      *Schedule H: Codebtors (Official Form 206H)*

☐      *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐      *Amended Schedule* _____

☐      *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒      *Other document that requires a declaration* List of Equity Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   12/07/2020
              MM / DD / YYYY

✗ /s/ Westervelt ("Westy") T. Ballard, Jr.
Signature of individual signing on behalf of debtor

Westervelt ("Westy") T. Ballard, Jr.
Printed name

Authorized Signatory
Position or relationship to debtor

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

```
------------------------------------------------------------ x
In re:                                       :   Chapter 11
                                             :
SUPERIOR ENERGY SERVICES, INC.               :   Case No. 20-_____ (_____)
                                             :
              Debtor.                        :
                                             :
------------------------------------------------------------ x
```

## <u>CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, there are no corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interests.

US-DOCS\117349616.11

Fill in this information to identify the case:

Debtor Name     Superior Energy Services, Inc.

United States Bankruptcy Court for the:

Southern _____ District of   Texas _____

                                      (State)

Case number (If known): _____     Chapter   11 _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors
12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that assets is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    *Amended Schedule _____*

☐    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒    *Other document that requires a declaration* <u>Corporate Ownership Statement.</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   <u>12/07/2020</u>          ✗ <u>/s/ Westervelt ("Westy") T. Ballard, Jr.</u>
         MM / DD / YYYY            Signature of individual signing on behalf of debtor

                                        <u>Westervelt ("Westy") T. Ballard, Jr.</u>
                                        Printed name

                                          <u>Authorized Signatory</u>
                                          Position or relationship to debtor